**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT MCINTYRE, M.D.** <br><br> **Plaintiff,** <br> **v.** <br><br><br> **UNITED STATES INDIAN HEALTH SERVICE AND VISTA STAFFING SOLUTIONS, INC.,** <br><br> **Defendants.** | § § § § § § § § § § § | **CASE NO. 23-CV-421-CDL** |

**DEFENDANT VISTA STAFFING SOLUTIONS, INC.'S**
**RULE 12(B)(6) MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Vista Staffing Solutions, Inc. ("Vista") asks the Court to enter an order dismissing, as a matter of law, Plaintiff's sole claim against it for breach of contract and in support shows as follows:

## OVERVIEW OF REQUESTED RELIEF

Vista, a physician staffing company, has a contract to provide medical staff to the Chinle Comprehensive Healthcare Facility on the Chinle Reservation located in Chinle, AZ (the "Chinle Clinic") and operated by the United States Indian Health Service ("USIHS"). In January 2021, Plaintiff, a psychiatrist, entered into an independent contractor agreement with Vista to provide psychiatric services to Vista's clients, as determined by Vista, and was assigned to the Chinle Clinic to provide such services.

Plaintiff's independent contractor agreement has a Utah choice of law clause and clearly provides that the Chinle Clinic can terminate Plaintiff's services through Vista at any time and for any reason. In October 2021 and consistent with the plain language of the independent contractor agreement, the Chinle Clinic advised Vista of its decision to terminate Plaintiff's services, which

Vista honored. Despite both Vista's and the Chinle Clinic's clear and plain adherence to the termination provisions for Plaintiff's services in the independent contractor agreement, Plaintiff sues Vista for breach of contract alleging a "failure to investigate" the Chinle Clinic's grounds for seeking the termination of Plaintiff's services. Because the independent contractor agreement is unambiguous and doesn't include a duty to investigate, and no such duty is implied under Utah law, Plaintiff has no plausible claim for breach of contract warranting dismissal as a matter of law.

## FACTUAL BACKGROUND[1]

### A. The Parties.

1. Plaintiff is at all times a citizen of the United States and a resident of the State of Oklahoma. Complaint ("Compl.") at ¶ 8.

2. USIHS is a department of the Executive branch of the United States Government, and the Chinle Clinic is located in Chinle, AZ. Compl. at ¶ 9.

3. Vista is a Utah corporation with its principal place of business in Utah. Compl. at ¶ 10.

### B. Plaintiff's Contract with Vista and Placement at the Chinle Clinic.

4. Plaintiff is a licensed physician with licensure in the states of Kansas, Oklahoma, Montana, and Alaska. Compl. at ¶ 12.

5. Chinle Clinic has a contract with Vista for Vista to provide medical staff to the Chinle Clinic. Compl. at ¶ 31.

6. On or around January 11, 2021, Plaintiff entered into a Professional Services Placement Agreement with Vista wherein, as an independent contractor, Plaintiff would be placed

[1] This Section is based on Plaintiff's recitation of alleged facts in the "Background Information" section on pages 3-11 of his Complaint.

with a Vista client that required Plaintiff's professional medical services (the "Professional Services Agreement"). Compl. at ¶ 13.

7. Pursuant to the plain language in Paragraphs 4 and 23 of the Professional Services Agreement, the Chinle Clinic and Vista can immediately terminate Plaintiff's services:

> 4. ***Cancellation of a Placement.*** Professional shall notify Company immediately if Professional is unable to fill a scheduled placement for any reason. Client may cancel any scheduled placement without cost by giving Company no less than thirty (30) days' written notice. ***If Client[2] reasonably finds the performance of Professional to be unacceptable for reasons of professional competence or personal conduct, it shall give notice to Company and may then remove Professional from the Placement immediately.*** Company or Professional may cancel any scheduled placement by giving Client no less than sixty (60) days' written notice. Professional may cancel any scheduled placement by giving written notice to Company identifying the reasons justifying cancellation if Professional becomes unable by reason of emergency or medical condition to fulfill an agreed placement. Professional shall pay to Company its unrecoverable expenses for any placement canceled by Professional. Except as provided herein, or in the applicable Placement Letter, Professional's failure to perform a placement as agreed may result in liability for breach of contract. (Emphasis added).
>
> 23. ***Term and Termination.*** This Agreement shall have a term of one (1) year commencing with the date of this Agreement, and shall be automatically renewed for succeeding one-year terms until terminated as provided in this paragraph. Either party may terminate this Agreement at any time by giving sixty (60) days' written notice to the other party, and this Agreement shall remain in effect during the 60-day notice period and any placements scheduled during the notice period shall be performed. ***Company[3] may terminate this Agreement, and any or all placements of Professional, immediately by oral or written notice in the event of*** Professional's death, the denial or revocation of any hospital privileges for Professional, the revocation or suspension of Professional's licensing as a Professional in any state, or ***the request by a Client that Professional be removed <u>for any reason</u> during the term of a placement***. (Emphasis added).[4]

8. The Professional Services Agreement has a Utah choice of law clause. App. at 3.

---

[2] "Client" is defined in Paragraph 2 of the Professional Services Agreement as the location where Plaintiff worked, here, the Chinle Clinic.

[3] "Company" is defined in the preamble to the Professional Services Agreement as Vista.

[4] For the reasons articulated in Section 1 of the "Arguments and Authorities" section below, Vista includes a copy of the Professional Services Agreement in its concurrently filed Appendix ("App."). *See* App. at 1, 3.

9. Vista assigned Plaintiff to the Chinle Clinic in the position of Staff Psychiatrist. Compl. at ¶ 14.

**C. <u>The Chinle Clinic Exercises its Contractual Right to Terminate Plaintiff's Services</u>.**

10. On or about October 21, 2021, Vista received a letter from the Chinle Clinic advising it was exercising its contractual right to terminate Plaintiff's services at the Chinle Clinic, and Plaintiff's last day at the Chinle Clinic would be November 5, 2021. Compl. at ¶¶ 19, 24; *see also* App. at 4.[5]

11. The Chinle Clinic's termination notice cites Plaintiff's "lack of professionalism" and failure to maintain a "positive working environment" at the Chinle Clinic as grounds for the termination of Plaintiff's services. App. at 4.

**D. <u>Plaintiff Files this Action in District Court in Oklahoma and Vista Moves to Transfer Venue to this Court</u>.**

12. Despite the fact that no Defendant is a resident of the State of Oklahoma and none of the events that form the basis of this lawsuit occurred in Oklahoma, Plaintiff filed his Original Petition in the United States District Court for the Northern District of Oklahoma.

13. Concurrent with the filing of this Motion, Vista has filed a Motion to Transfer Venue to the United States District Court for the District of Arizona, and for this reason, relies on Arizona procedural law for this Motion.

[5] Again, for the reasons articulated in Section 1 of the "Arguments and Authorities" section below, Vista includes a copy of the Chinle Clinic's termination letter in the Appendix.

## ARGUMENTS AND AUTHORITIES

### 1. Legal Standard.

To survive a motion to dismiss under Rule 12(b)(6), a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *In re Fitness Holdings Int'l, Inc*., 714 F.3d 1141, 1144 (9th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Id*. at 1444-45. However, the Court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-80. Moreover, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 678. The Court may also dismiss based on the "lack of a cognizable theory." *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015).

In ruling on a Rule 12(b)(6) Motion to Dismiss, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (additional quotations and citation omitted). Here, the Chinle Clinic's notice of the termination of Plaintiff's services, along with the Professional Services Agreement, are central to Plaintiff's breach of contract claim

and specifically referenced and relied upon by Plaintiff in his Complaint. Compl. at ¶¶ 13, 24-25, 52, 55-57. For these reasons, these documents are included in Vista's concurrently filed Appendix.

**2. Utah Breach of Contract Law.**

The elements of a breach of contract under Utah law are: (1) a contract; (2) performance by the party seeking recovery; (3) breach of contract by the other party; and (4) damages. *Espendschied Transp. Corp. v. Fleetwood Servs*., 422 P.3d 829 (Utah 2018).

Utah courts determine what the parties have agreed to by looking first to the plain language within the four corners of the document. *Peterson & Simpson v. IHC Health Svcs., Inc*., 217 P.3d 716, 720 (Utah 2009). When interpreting the plain language of a contract, courts are instructed to look for a reading that harmonizes the provisions and avoids rendering any provision meaningless. *Id*. Specific terms in a contract are given more weight than general terms. *See Docutel Olivetti Corp. v. Dick Brady Sys., Inc*., 731 P.2d 475, 480 (Utah 1986). When the contract provisions are clear and complete, the meaning of the contract can be appropriately resolved by the court "as a matter of law." *LD III LLC v. Mapleton City*, 2020 UT App 41, ¶12, 462 P.2d 816.

Under Utah law, parties to a contract must exercise their contractual rights in good faith. *See Brehany v. Nordstrom, Inc*., 812 P.2d 49, 55 (Utah 1991). "Good faith and fair dealing means the parties must be faithful to the agreed common purpose and consistent with the justified expectations of the other party." *Olympus Hills Shopping Ctr., Ltd. v. Smith's Food & Drug Ctrs., Inc*., 889 P.2d 445, 451 (Utah Ct. App. 1994) (additional citations and quotation omitted). Importantly, the covenant does not "establish new, independent rights or duties not agreed upon by the parties…" *Brehany*, 812 P.2d at 55. Put another way, a party doesn't breach the implied duty of good faith and fair dealing in contracts where it exercises its rights under the contract. *See Wood v. Utah Farm Bureau Ins. Co*., 2001 UT App 35, ¶ 23; 19 P.3d 392 (holding defendant didn't

breach the covenant of good faith and fair dealing when it took possession of records and renewal commissions it rightfully owned under a contract).

"Courts will not use the implied covenant to achieve an outcome in harmony with the court's sense of justice but inconsistent with the express terms of the applicable contract. *Oakwood Vill. LLC v. Albertsons, Inc.,* 2004 UT 101, ¶ 45, 104 P.3d 1226. Where the parties themselves have agree to terms that address the circumstances that gave rise to their dispute, "a court has no business injecting its own sense of what amounts to fair dealing." *Young Living Essential Oils, LC v. Marin*, 2011 UT 64, ¶ 10, 266 P.3d 814.

**3. <u>Plaintiff Can't Establish a Plausible Right to Recovery for Breach of Contract under Utah Law</u>.**

Taking all well-pleaded facts in his Complaint as true, Plaintiff can't establish a plausible claim for breach of contract for two simple reasons. First, Vista can establish it complied with the plain, unambiguous language in the Professional Services Agreement when it terminated Plaintiff's services; and second, Utah's implied duty of good faith and fair dealing in contracts doesn't create a new obligation upon Vista to "investigate" the reasons the Chinle Clinic decided to terminate Plaintiff's services.

**A. <u>The Professional Services Agreement doesn't include a "duty to investigate</u>."**

Plaintiff doesn't plead ambiguity, and nowhere in the 24-paragraph Professional Services Agreement is there any duty of any kind imposed on Vista to "investigate" the Chinle Clinic's rationale for terminating Plaintiff's contractual services. In fact, as set forth in Paragraph 4, the Chinle Clinic need only find Plaintiff's performance to be unacceptable due to personal conduct for it to terminate Plaintiff's services, which it did. And Paragraph 23 allows Vista to terminate Plaintiff's services at any time and "for any reason."

Because the Professional Services Agreement doesn't include an express duty to investigate and is unambiguous as a matter of law, the Court can and should dismiss the claim as a matter of law. *See, e.g., Rossi v. Univ. of Utah*, 2021 UT 43, ¶¶ 60, 66, 496 P.3d 105 (Court affirmed dismissal of breach of contract claim as a matter of law); *Smith v. Grand Canyon Expeditions Co*., 2003 UT 57, ¶ 16, 84 P.3d 1154 (same).

**B. A new "duty to investigate" can't be implied under the duty of good faith and fair dealing.**

While Plaintiff doesn't assert a separate breach of contract based on the implied duty of good faith and fair dealing, Vista addresses this argument out of an abundance of caution, and because such a duty is implied into Utah contracts.

As discussed above, the implied duty of good faith and fair dealing doesn't create new contractual duties. *See Andalex Resources v. Myers*, 871 P.2d 1041, 1048 (Utah Ct. App. 1994) ("The obligation of good faith and fair dealing does not create a new, independent duty upon Andalex to insure that Myers receive compensation when the parties had no such agreement…[a]ccordingly, we affirm the trial court's dismissal of Myers' breach of the covenant of good faith and fair dealing claim because the Power Companies did not have an express or implied duty to assure that Andalex compensate Myers"); *Brehany*, 812 P.2d at 55 ("However, in the absence of express terms limiting the right of an employer to discharge for any or no reason and in the absence of provisions establishing procedures by which a discharge should be effectuated, it would be inconsistent to hold that an employer, on the basis of the implied covenant of good faith, is bound to substantive limitations on the employer's right to discharge."); *Friends of Tuhaye, Ltd. Liab. Co. v. Tuhaye Homeowners Ass'n*, 777 F. App'x 903, 910 (10th Cir. 2019) ("[T]he covenant of good faith and fair dealing 'cannot be read to establish new, independent rights

or duties to which the parties did not agree ex ante.'" (quoting *Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 45, 104 P.3d 1226, 1240).

Because there is neither an actual nor implied duty for Vista to investigate the reason(s) the Chinle Clinic decided to terminate Plaintiff's services, dismissal is warranted as a matter of law.

**CONCLUSION AND PRAYER**

Plaintiff can't establish a plausible right to relief on his breach of contract claim based on an alleged, failure to investigate because, based on the four corners of the unambiguous Professional Services Agreement, no such duty exists, and under Utah law, no such duty can be implied. For the reasons set forth herein, Vista asks the Court to: (1) grant this Motion in its entirety; (2) dismiss Plaintiff's breach of contract claim with prejudice; and (3) award Vista any further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Ryan A. Ray*
**NORMAN WOHLGEMUTH, LLP**
Ryan A. Ray
OBA# 22281
rray@nwlawok.com
401 S. Boston Avenue, Suite 3200
Tulsa, OK 74103
Telephone: (918) 583-7571
Facsimile: (918) 584-7846

And

*/s/ Alicia Sienne Voltmer*
**GREENBERG TRAURIG, LLP**
Alicia Sienne Voltmer *(admitted Pro Hac Vice)*
Texas Bar No. 00797605
alicia.voltmer@gtlaw.com

James Peacock *(admitted Pro Hac Vice)*
Texas Bar No. 00791419
James.peacock@gtlaw.com

2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

**ATTORNEYS FOR DEFENDANT VISTA STAFFING SOLUTIONS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed and served on all parties of record on this the 15th day of November, 2023 using the Court's CM/ECF system.

*/s/ Alicia Sienne Voltmer*
Alicia Sienne Voltmer

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Plaintiff's counsel on the merits of this Motion, and he is opposed to the relief requested.

*/s/ James Peacock*
James Peacock