# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cv-421-JDR-CDL

Robert McIntyre, M.D.,

*Plaintiff*,

*versus*

United States Indian Health Service; Vista Staffing Solutions, Inc.,

*Defendants*.

## OPINION AND ORDER

Plaintiff Robert McIntyre, M.D., is a licensed psychiatrist who contracted with Vista Staffing Solutions, Inc. to provide medical services at a clinic operated by the United States Indian Health Service. He argues that the IHS breached the obligations it owed him as the third-party beneficiary of an unspecified contract between Vista and the IHS; impermissibly retaliated against him; and maintained a hostile work environment at the clinic where he worked. Dkt. 1 at ¶¶ 33, 58-97. The IHS has moved to dismiss those claims, arguing, among other things, that the doctrine of sovereign immunity bars this action. Dkt. 21. The Court grants the motion.

The United States is immune from suit unless it expressly and unequivocally consents to be sued. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). In general, this immunity extends to the government's agencies. *Id.* A party seeking to exert jurisdiction over the government has the burden of establishing that sovereign immunity has been waived, and must "identify[ ]

Case No. 23-cv-421

an applicable statutory waiver of sovereign immunity when challenged to do so." *Bork v. Carroll*, 449 F. App'x 719, 721 (10th Cir. 2011); *see James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

Dr. McIntyre has not identified a waiver that would permit him to proceed with his claims on the facts alleged. Although he might be able to pursue a breach-of-contract claim in a different court under the Tucker Act,[1] his complaint does not specifically allege either an express or implied contract with the IHS that would fall within the scope of that act. The only contract identified in the complaint is the contract between Dr. McIntyre and Vista. There is no allegation that the IHS signed or was a party to that agreement, and none of the allegations identify any other contract under which the IHS owed a duty to Dr. McIntyre. *See* Dkt. 1 at ¶ 33 (referring to the "Vista Staffing Solutions Contract," but failing to allege the contract was signed by the IHS); Dkt. 18-1 (setting forth a contract with language quoted in the complaint that is signed by Vista and Dr. McIntyre).[2]

The Federal Tort Claims Act provides a limited waiver of jurisdiction, but the complaint does not allege facts that would fall within the scope of that waiver. The complaint identifies two individuals who allegedly retaliated against Dr. McIntyre and contributed to a hostile work environment. *See* Dkt. 1. But the complaint does not specify whether those individuals were employees of the IHS, rather than contractors. Because the Federal Tort Claims Act waives immunity only for the acts of federal employees, and not federal contractors, there is no clear waiver of immunity that would permit the government to be subject to suit in this case. *See Ohlsen v. United States*, 998 F.3d

---

[1] *See Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006) (recognizing that the Court of Federal Claims has been granted jurisdiction over express or implied contracts with the United States).

[2] The Court may refer to documents central to Dr. McIntrye's claim that are referenced in the complaint provided there is no dispute as to the authenticity of those documents. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). Dr. McIntyre has not disputed the authenticity of the agreement provided by Vista.

1143, 1154 (10th Cir. 2021) (recognizing that the FTCA carves out a limited waiver for employees, which does not apply to independent contractors).

    Dr. McIntyre cites to several federal statutes in the "jurisdiction and venue" section of his complaint, but none of these provisions include an express waiver of sovereign immunity, and some of them do not apply to the facts of this case. *See* 28 U.S.C. § 451 (defining terms utilized throughout Title 28); 28 U.S.C. §§ 1331, 1337, 1343 (granting district courts original jurisdiction over certain claims); 41 U.S.C. § 4712(c)(2) (permitting complainant to bring a de novo action "against the contractor, subcontractor, grantee, subgrantee, or personal services contractor," but not the agency); 5 U.S.C. § 2302 (identifying prohibited practices and internal remedies); 10 U.S.C. § 4701 (authorizing complainant to bring an action against "the contractor, subcontractor, grantee, subgrantee, or personal services contractor," but not the agency). Although it is possible that Dr. McIntyre *could* allege facts that would permit this case to move forward, he has not yet "identif[ied] any waiver of sovereign immunity for the type of claims he asserted," and dismissal of this action is warranted. *See Bonilla v. U.S. Bureau of Alcohol, Tobacco, & Firearms*, No. 11-CV-779-GKF-PJC, 2012 WL 90093, at *2 (N.D. Okla. Jan. 11, 2012). Accordingly, the IHS's motion to dismiss [Dkt. 21] is granted, and Dr. McIntyre's claims against United States Indian Health Service are dismissed without prejudice to refiling in this or another court.

    DATED this 22d day of November 2024.

                                                            JOHN D. RUSSELL
                                                            *United States District Judge*